IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, BRAD SMITH, & | § | |
| TOMMY HIGGINS, individually and on | § | |
| behalf of similarly situated individuals, | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:11-cv-170 |
| | § | |
| HECKMANN WATER RESOURCES | § | |
| (CVR), INC., COMPLETE VACUUM | § | |
| AND RENTAL LLP, and STEVEN KENT JR. | § | |
| *Defendants* | § | |

## COMPLAINT

TO THE HONORABLE COURT:

Comes now the Plaintiffs, Kevin Johnson, Brad Smith, and Tommy Higgins, on behalf of themselves and similarly situated employees of Heckmann Water Resources (CVR), Inc., Complete Vacuum and Rental LLP, and Steven Kent Jr., and files this Plaintiffs' Original Complaint complaining of Heckmann Water Resources (CVR), Inc., Complete Vacuum and Rental LLP, and Steven Kent Jr. For cause of action, Plaintiffs respectfully show the following:

### I. NATURE OF THE ACTION

1. Plaintiffs, on behalf of themselves and the Plaintiff class, bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201, et seq. Plaintiffs contend that Defendants failed to pay Plaintiffs overtime compensation for all the work that Plaintiffs performed in excess of forty hours per work week.

### II. PARTIES

2. The purative class is comprised of workers who are or were employed by Defendants and who were paid on an hourly basis but were not paid at one-and-one-half times their hourly rate for hours worked over forty in a given workweek.

3. Plaintiff Kevin Johnson is a citizen of Pollok, Texas. Johnson has consented to the filing of this lawsuit as evidenced by the attached consent form.

4. Plaintiff Brad Smith is a citizen of Pollok, Texas. Smith has consented to the filing of this lawsuit as evidenced by the attached consent form.

5. Plaintiff Tommy Higgins is a citizen of Pollok, Texas. Higgins has consented to the filing of this lawsuit as evidenced by the attached consent form.

6. Defendant Heckmann Water Resources (CVR), Inc. is a corporation operating in the Eastern District of Texas and is subject to the jurisdiction of this court. Defendant may be served with citation by serving its registered agent, C. T. Corporation System, 350 North St. Paul St., Ste. 2900, Dallas, Texas, 75201.

7. Defendant Complete Vacuum & Rental LLP is a corporation operating in the Eastern District of Texas and is subject to the jurisdiction of this court. Defendant may be served with citation by serving its president, Steven Kent Jr., at 1607 NE Loop, Carthage, TX, 75633.

8. Defendant Steven Kent Jr. is the president of Complete Vacuum & Rental LLP. Kent can be served with process at 1607 NE Loop, Carthage, TX, 75633.

### III.  JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216.

10. This Court has proper venue for this action pursuant to 28 U.S.C. §1441(a).

### IV.  CLASS ALLEGATIONS

11. Plaintiffs file this case as an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b). The class that Plaintiffs seek to represent may be described as follows.

> (1) All employees employed by Heckmann Water Resources (CVR), Inc., Complete Vacuum and Rental LLP, and/or Steven Kent Jr.; (2) who worked in excess of forty hours in any workweek since October 14, 2008; and (3) who did not receive overtime wages of one-and-one-half times their regular hourly rate for all hours worked over forty in any workweek since October 14, 2008.

Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by the Plaintiffs as required by 29 U.S.C. §216(b).

12. Plaintiffs contend that this action is appropriate for class action status because Defendants have acted in the same manner regarding all members of the Plaintiff class.

## V. FACTUAL BACKGROUND

13. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and the Portal to Portal Act, 29 U.S.C. §251 et seq.

14. For purposes of this action, the "relevant period" is defined as that period commencing on October 14, 2008, and continuing thereafter.

15. Throughout the relevant period, Plantiffs and the Plaintiff class members were employees of one or more of Defendants. Although Plaintiff and the Plaintiff class members worked overtime hours, they continued to be paid at the regular hourly rate.

16. Plaintiffs and the Plaintiff class members therefore are entitled to overtime for all hours worked in excess of forty worked during each seven day workweek.

## VI. STATEMENT OF CLAIM

17. By failing to pay Plaintiffs and the Plaintiff class members overtime, the Defendants violated their rights under the FLSA and implementing regulations.

18. Plaintiffs seek, on behalf of themselves and Plaintiff class members, an amount of backpay equal to the underpayment of overtime during the relevant period, together with an equal amount as liquidated damages, and pre- and post-judgment interest at the highest rate allowed by law.

19. All conditions precedent to the bringing of this suit have been satisfied or have been fulfilled.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein; that this action be certified as an opt-in class action as allowed under the FLSA, with notice being given to all potential Plaintiffs of their right to

opt-in; and that upon final hearing, the Court grant Plaintiffs and Plaintiff class members who have given their consent to suit relief as follows:

- A. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §207, by failing to pay the Plaintiffs and Plaintiff class members overtime at one and one half times their regular hourly rate for all hours worked in excess of forty worked during each seven day work period.

- B. Enjoin Defendants from failing to pay Plaintiffs and Plaintiff class members at one and one half times their regular hourly rates for all hours in excess of forty worked in each seven day work period.

- C. Order Defendants to pay each Plaintiff and Plaintiff class member the difference between what each should have received for overtime hours during the relevant period and what each was actually paid, together with an equal amount as liquidated damages.

- D. Order Defendants to pay each Plaintiff and Plaintiff class member pre-judgment interest for all backpay amounts awarded.

- E. Order Defendants to pay Plaintiffs and Plaintiff class members' reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b).

- F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants.

- G. Certify this matter as a collective action allowing similarly situated employees to "opt in" and permit discovery to facilitate such certification.

- H. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effecutate full relief to the Plaintiffs and Plaintiff class.

Respectfully submitted,

Charles R. Dendy
Attorney at Law
109 North Second
Lufkin, Texas 75901
Tel:    (936) 639-2388
Fax:    (936) 639-2370
cdendy-attorney@consolidated.net

By:/s/ Charles R. Dendy_____
       Charles R. Dendy
       State Bar No. 05737700
       Attorney for Plaintiffs and
       Plaintiff class members