IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, BRAD SMITH, and  §  <br>TOMMY HIGGINS, individually and on  § <br>behalf of similarly situated individuals,  § <br>            *Plaintiffs*                                  § <br>                                                                       § <br>V.                                                                 § <br>                                                                       § <br>HECKMANN WATER RESOURCES    § <br>(CVR), INC. and COMPLETE VACUUM  § <br>AND RENTAL LLP,                                  § <br>            *Defendants*                                § | CIVIL ACTION NO. 9:11-cv-170 | |

## MOTION FOR ATTORNEY'S FEES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CHARLES R. DENDY, Attorney for Tommy Higgins, and makes this motion for award of attorney's fees, and for cause would show the court as follows:

On December 14, 2012, the court entered judgment for Plaintiff Tommy Higgins pursuant to Higgins' Motion for Approval of and Entry of Judgment based on Defendants' Offer of Judgment to Higgins. As part of the judgment in favor of Higgins the court ordered that it would consider separately Higgins' motion for attorney's fees. Accordingly, Plaintiff Higgins' counsel submits this motion for attorney's fees reasonably incurred by counsel on behalf of Higgins.

The FLSA requires an employer that violates the act to pay the employee's attorney fees. 29 U.S.C. § 216(b). The Fifth Circuit has approved trial courts' use of the lodestar method of calculating attorney's fees under the FLSA. The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Singer v. City of Waco*, 324 F.3d. 813, 823 (5th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004); *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). The Fifth Circuit recently approved a lodestar

hourly rate of four hundred dollars per hour for an employment case out of the Lufkin Division of the Eastern District of Texas. *McClain v. Lufkin Industries, Inc.,* 649 F.3d 374, 382, 383 (5th Cir. 2011).

There is no rule of proportionality with regard to the award of attorney's fees. *Saizon v. Delta Concrete Prods. Co.,* 448 F. 3d 795, 802 n. 42 (5th Cir. 2006). Attorney's fees under the FLSA sometimes exceed the amount of judgment by a substantial amount. *Lucio-Cantu v. Vela,* 239 Fed. Appx. 866 (5th Cir. 2007) (district court did not abuse its discretion in awarding $51,750.00 in attorneys' fees under FLSA, where plaintiffs recovered $3,349.29, $52.50, and $1,296.00 respectively); *Howe v. Hoffman-Curtis Partners Ltd., LLP,* 215 Fed. Appx. 341-42 (5th Cir. 2007) (upholding $23,357.30 in damages and $129,805.50 in attorneys' fees); and, *Cox v. Brookshire Grocery Col,* 919 F.2d 354 (5th Cir. 1990) (approving an award of $9,250 in attorney's fees where plaintiff recovered $1,181 under FLSA).

Higgins' attorney requests $15,283.00 for his representation of Higgins. That amount was determined by multiplying the total number of hours worked for all three clients by four hundred dollars per hour (the lodestar amount) and then dividing that amount by three (103 hours x $400.00 per hour = $41,200.00 / 3 = $13,733.00), plus $1,550.00 for the time of his legal assistant (determined similarly: 62 hours x $75.00 per hour = $4,650.00 / 3 = $1,550.00).

The amount of time spent on the case was reasonable and necessary. See the Affidavit of Charles R. Dendy and itemized bill attached hereto.

## Conclusion

Plaintiff's counsel respectively requests that the court award attorney's fees in the amount of fifteen thousand two hundred eighty three dollars.

Respectfully submitted,

CHARLES R. DENDY
Attorney at Law
109 North Second
Lufkin, Texas  75901
(936) 639-2388
Fax:  (936) 639-2370

By:  /s/Charles R. Dendy
      Charles R. Dendy
      State Bar No. 05737700
      Attorney for Plaintiffs

### CERTIFICATE OF CONFERENCE

Plaintiff's attorney has conferred with Defendants' attorney and Defendants do not agree with the granting of this motion.

/s/Charles R. Dendy
Charles R. Dendy

### CERTIFICATE OF SERVICE

I certify that on this 4th day of January, 2013, the foregoing instrument was served through the District's e-filing system.

/s/Charles R. Dendy_____
Charles R. Dendy