IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, BRAD SMITH, and<br>TOMMY HIGGINS, individually and on<br>behalf of similarly situated individuals,<br>　　　　　*Plaintiffs*<br><br>V.<br><br>HECKMANN WATER RESOURCES<br>(CVR), INC. and COMPLETE VACUUM<br>AND RENTAL LLP,<br>　　　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:11-cv-170 |

### AFFIDAVIT OF CHARLES R. DENDY REGARDING ATTORNEY'S FEES

Before me, the undersigned notary, on this day personally appeared CHARLES R. DENDY, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is Charles R. Dendy. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas. I have been licensed to practice law before the Texas State Courts since 1978 and before the Federal District Court for the Eastern District of Texas since 1980. I am board certified in civil trial law by the Texas Board of Legal Specializations. I have tried lawsuits in both state and federal court.

3. Tommy Higgins retained me to represent him in this suit for unpaid overtime. I have personal knowledge of this case and the work performed.

4. It was necessary for Tommy Higgins to retain an attorney to represent him in this matter as well as a paralegal to work on this case.

5. The paralegal assigned to this case (1) is qualified by education, experience, and training to perform the services required, (2) has knowledge of the legal system, principles, and procedures, (3) was supervised by an attorney, (4) performed tasks that are traditionally done by an attorney, and (5) performed services that were reasonable and necessary.

6. Tommy Higgins' retention of me on this case precluded me from accepting other employment. Because of the nature of the case and the identity of the

defendants, this case may have been seen as undesirable by some attorneys, making the retention of an attorney difficult.

7. The novelty and difficulty of the questions involved in this case required me to spend approximately 100 hours prosecuting this cause of action by (1) investigating claims, (2) drafting pleadings, questions, and responses, (3) engaging in discovery, (4) attending hearings, and (5) taking other necessary actions to perform my legal services properly.

8. Tommy Higgins agreed to compensate me for my work based on a contingency fee.

9. The attorney's fees charged in this case were necessary, were reasonable, and were incurred in the prosecution of this suit.

10. The fees I charged in this case are customarily charged in this area for the same or similar services for an attorney with my experience, reputation, and ability, considering the type of controversy, the time limitations imposed, and the results obtained."

_____
CHARLES R. DENDY

SUBSCRIBED TO AND SWORN BEFORE ME, the undersigned authority on this the 28th day of December, 2012.

RAYINE B. BROWN
MY COMMISSION EXPIRES
September 21, 2014

_____
Notary Public, State of Texas