**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, BRAD SMITH, & TOMMY HIGGINS, individually and on behalf of similarly situated individuals | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| HECKMANN WATER RESOURCES (CVR) INC. and COMPLETE VACUUM AND RENTAL LLP, | § § § § | CIVIL ACTION No. 9-11-CV-170 |
| *Defendants*. | § | JUDGE RON CLARK |

## ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES

Before the court is Plaintiff Tommy Higgins's motion to recover attorneys' fees in the amount of $15,283.00. [Doc. # 37].  Defendants Heckmann Water Resources (CVR) Inc. and Complete Vacuum and Rental LLP oppose the motion on the grounds that the fees sought are either unreasonable under the facts of this case.  The court grants in part and denies in part Plaintiff's motion for attorneys' fees [Doc. # 37], and holds that the reasonable fees requested by Plaintiff total $8,700.00

## I. BACKGROUND

Plaintiffs Kevin Johnson, Brad Smith, and Tommy Higgins filed suit against Defendants Complete Vacuum and Rental LLP ("CVR") and Heckmann Water Resources Inc. ("HWR") seeking to recover unpaid overtime compensation from Defendants pursuant to the Fair labor Standards Act ("FLSA").  Plaintiffs asserted that Defendants violated the FLSA by calculating overtime pay for employees based on a Monday through Sunday workweek when Plaintiffs worked seven consecutive days—Thursday to Wednesday—every other week.  Two months after filing suit,

1

Plaintiffs filed a motion to certify class, which the court denied without prejudice. [Doc. #29].  In the interests of judicial efficiency, the court directed both parties to file motions for summary judgment concerning whether Defendants' workweek designation violated the FLSA. [Doc. # 24].

On October 21, 2012, Plaintiff Tommy Higgins notified the court that he had accepted Defendants' offer of judgment in the amount of "$1,600.000, plus costs, including reasonable attorney's fees, pertaining solely to Higgins' claim against Defendants for unpaid wages under the FLSA". [Doc. # 33 Ex. 1 at 2].  The court subsequently entered an order granting Higgins' motion for approval and entry of judgment. [Doc. # 34].  Pursuant to the Order, attorneys' fees would be considered by the court separately. [*Id.*].  On March 14, 2013, the court entered an order granting Defendant's motion for partial summary judgment against Johnson and Smith and denying those Plaintiffs' motion.  The court held that Defendants did not violate the FLSA by instituting a Monday through Sunday workweek[1] [Docs. # 36, 38].  The court now must consider Plaintiff Higgins' motion for attorney's fees as provided by the parties' settlement.

## II. DISCUSSION

Calculating attorney's fees is a two step process.  First, the court must calculate the "lodestar" fee, which is determined "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008).  Second, the court will determine whether the lodestar amount should be adjusted upward or downward based on the circumstances in the case using the twelve factors cited in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *Id.* Those factors are: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4)

---

[1]As Higgins had already accepted Defendants' offer of judgment, the order regarding the motions for summary judgment only concerned Plaintiffs Kevin Johnson and Brad Smith.

whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Thompson*, 555 F.3d at 867 (citing *Johnson*, 488 F.2d at 717-19).

**1. Number of Hours**

Plaintiff's counsel Charles Dendy asserts he and his legal assistant expended a total of 165 hours in his representation of Higgins.  Defendants object to certain time billed on the basis that the amount of hours were unreasonable because Plaintiff seeks to recover attorney's fees for work that is vague and inadequately documented, clerical in nature, excessive, and reflect work performed on unsuccessful claims.

A district court should exclude from the lodestar calculation hours that were not "reasonably expended".  As the Supreme Court explained:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, billing judgment is an important component in fee setting.  It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's adversary . . .

*Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)(emphasis in original).

As a fee applicant, Plaintiff has the burden of proving the reasonableness of the number of hours expended in litigating its case.  *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).  To meet this burden, Plaintiff must document the time spent and the services performed.  *Hensley*, 461 U.S. at 433-34, 103 S. Ct. at 1939; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court must then review the records and exclude all time that is excessive, duplicative, or inadequately

documented.  *Id.*  The hours surviving this vetting process are those reasonably expended on the litigation.  *Id.* The court does not believe that 112.5 hours of work claimed by Plaintiff's attorney was reasonably expended.

*a. Inadequate Documentation*

As a fee applicant, Plaintiff has the burden of documenting the time spent and the services performed.  *Hensley*, 461 U.S. at 433-34, 103 S. Ct. at 1939; *Watkins*, 7 F.3d at 457.  This includes producing contemporaneous billing records or other sufficient documentation so that the district court "can fulfill its duty to examine the application for noncompensable hours."  *Id.*  A district court may reduce the number of hours awarded if the documentation is vague or incomplete.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  Litigants who provide vague time records such as "correspondence" without stating what was done with greater precision, "take their chances" that the court will reject or reduce fee awards. *Id.* at 327.  Here, Plaintiff requests fees for 32 hours which are not properly documented.

Failure to distinguish between Higgins and other Plaintiffs

According to the offer of judgment, Plaintiff is entitled to reasonable attorney's fees pertaining solely to *Higgins's* claims against Defendants.  Plaintiffs' time records, however, contain entries such as "conf with clients re affidavits", "review disc resp and plaintiffs' personnel files", "conference with clients re depositions", "attended depositions of clients", "review depositions". These time records do not distinguish between work performed on Higgins's behalf and those performed to advance the other Plaintiffs' cases.

Vague time records

On August 1, 2012, Mr. Dendy's paralegal billed seven hours for "work on limited disc. Ordered by judge".  The court instructed the parties to tailor discovery to the issue of what

4

constitutes a workweek.  This time entry provides no indication as to the "limited discovery" this legal assistant conducted.  Moreover, Plaintiff's billing records contain several apparently duplicative entries.  Specifically, two entries spaced almost a month apart concern conferring with clients re affidavits.  Due to the vague time entries, it is unclear how the nature of this work differs from one entry or another.  Higgins should not be permitted to benefit twice for work performed only once.  Finally, Plaintiff seeks to recover for 2 hours expended on March 28, 2012 for preparing a motion to compel and memorandum of law.  No such motion was ever filed nor is the court aware of any discovery disputes in this case.

 *b. Clerical Work*

Plaintiff seeks attorney's fees for 62 hours of work performed by his legal assistant. Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).  A review of Plaintiff's billing records indicates that Plaintiff seeks to recover for approximately 27 hours expended by his legal assistant on clerical work such as: filing documents, preparing deposition transcripts to send to clients for review, and sending client's revisions of deposition transcript to the court reporter.  These hours are clerical not legal and as such, may not be recovered.

*c. Unsuccessful Work*

Plaintiff seeks to recover 57.5 hours for time expended on unsuccessful motions for class certification and for summary judgment.  Although Plaintiffs may recover for unsuccessful motions, so long as they succeed on their overall claim, it is well settled that "the extent of a plaintiff's success is a crucial factor that the district courts should consider carefully in determining the amount of fees to be awarded."  *Hensley*, 461 U.S. at 440 n. 14, 103 S. Ct. at 1943.  Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on

the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Migis v. Pearle Vision,* 135 F.3d 1041, 1048 (5th Cir.1998) (quoting *Hensley,* 461 U.S. at 436, 103 S. Ct. at 1941).

In the present case, Plaintiffs' counsel spent numerous hours unsuccessfully moving for conditional certification and summary judgment.  This work was virtually the same as that performed for Plaintiffs Smith and Johnson.  As noted, time spent on these Plaintiffs was not distinguished from time spent on Higgins' behalf.  Higgins has achieved limited success in this case, and the court will reduce the hours expended on these unsuccessful motions to 10 hours.

*d. Summary of excluded hours*

For the reasons discussed above, the court will exclude a total of 106.5 hours for all unreasonable entries discussed as itemized below:

| Attorney/Paralegal | Number of Hours Excluded | Reason for Exclusion |
|---|---|---|
| Charles Dendy | 25 | inadequately documented |
| | 49.5 | unsuccessful work |
| Unnamed Paralegal | 7 | inadequately documented |
| | 27 | clerical work |
| | 8 | unsuccessful work |

**2. Hourly Rate**

Plaintiff seeks to recover hourly rates of $400.00 for attorney Charles Dendy and $75.00 for Mr. Dendy's paralegal.  In support, Plaintiff attaches the affidavit of Charles Dendy who states that the fees charged "are customarily charged in this area for the same or similar services for an attorney with [his] experience, reputation, and ability, considering the type of controversy, the time limitations imposed, and the results obtained." [Doc. #36 Ex. 1].  Defendants assert that the rates charged by Mr. Dendy are excessive in light of the prevailing market rates.   The court agrees that the $400.00 hourly rate charged by attorney Mr. Dendy is too high.

The party seeking fees bears the burden of establishing the reasonableness of his hourly rate. *Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941.  A reasonable hourly rate is set by the prevailing market rate charged by local attorneys. *Blum v. Stenson*, 465 U.S. 866, 895-96, 104 S. Ct. 1541, 1547 (1984). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002).  A rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 at 896, 104 S. Ct. at 1548.  Thus, a more experienced attorney with expertise in a particular area of law may command a higher rate.  Generally, the reasonable hourly rate is established through affidavits of *other* attorneys practicing in the district. *Tollett*, 285 F.3d at 368-69.

Here, Higgins has provided no evidence other than counsel's own affidavit to justify his rate of $400 per hour.  Defendants assert that such a rate is far in excess of what would be the prevailing rate in the community in which this districts sits, Lufkin, Texas.  In support of this assertion, Defendants site to the 2011 State Bar of Texas Hourly Fact sheet which sets forth the prevailing market rates for various areas in Texas including Lufkin, Texas.  According to the State Bar, the

average hourly rate in Lufkin, Texas (or a non-metropolitan area) for an attorney with 25 years or more of experience is $189.00, far less than the $400.00 hourly rate claimed by Mr. Dendy. Accordingly, the court finds that an hourly rate of $200.00 is reasonable in this case.

**3. The Lodestar**

For the reasons discussed above, the court finds the lodestar in this case to be $8,700.00 as itemized below.

| Attorney/Paralegal | Reasonable Hourly Rate | Reasonable Hours Expended |
|---|---|---|
| Charles Dendy | $200.00 | 34.5 |
| Paralegal | $75.00 | 24 |

**4. *Johnson* factors**

After calculating the lodestar, the court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the *Johnson* factors. *McClain v. Lufkin Indus.*, 519 F.3d 264, 284 (5th Cir. 2008).  The lodestar is presumptively reasonable and should only be modified in exceptional cases.  *Watkins*, 7 F.3d at 457. The court finds that an application of the *Johnson* factors does not justify either an upward or a downward adjustment of the lodestar.

As to factors (1), (2), and (3), the issue in this case—whether Defendants' designated workweek violated the FLSA was neither novel or overly complex nor was a large amount of skill required.  As the court cautioned counsel at the March 30, 2012 management conference and in a June 8, 2012 order setting dispositive motion deadlines, FLSA regulations make clear that a workweek may, but need not, coincide with the calendar week. The court further warned counsel, complete with numerous case citations, that "[i]t is generally held that an employer has the right to

8

determine and establish the workweek for its employees, provided the employer does not designate the workweek in a manner designated to evade the overtime provisions of the FLSA" [Doc. # 24 at 1-2].  Thus, from the outset Plaintiffs' counsel was aware that both the FLSA regulations and decisions in this circuit were contrary to the Plaintiffs' interests and, the only way Plaintiffs could likely prevail on their FLSA claims was by proving Defendants adopted a Thursday to Sunday workweek in an effort to evade the overtime provisions of the FLSA.  Nevertheless, Plaintiffs proceeded to continue with their case, filing a motion for summary judgment without citing to any authorities which advanced their position.  In fact, Plaintiffs own cited authority completely undercut their argument. [*See* Doc. # 38 at 9].  Nor did Plaintiffs cite any facts which remotely suggested that the Defendants instituted the Monday through Thursday workweek in an effort to evade the FLSA.  Accordingly, the skill required and used by Plaintiffs' counsel was minimal.

As to factors (4) and (6), Higgins's attorney asserts that by taking this case he was precluded from accepting other employment and that he was compensated on a contingency basis.  As to factor (5), Plaintiff requested hourly rates of $400.00 for his attorney and $75 for his paralegal, which the court has already found to be unreasonable rates for this type of work in this community.  This factor was already taken into account when calculating the lodestar.  As to factor (7) time constraints, this case was on the docket for over a year and the parties had ample time to file dispositive motions.  In fact, the court extended the dispositive motion deadlines by a month at the parties' request.  Accordingly, Plaintiff was not constrained by any time limitations.        As to factor (8) success, as already discussed above, Plaintiff achieved limited success in this case.  As to factor (9), counsel for both parties are experienced.  As to factor (10), Plaintiff asserts that this case may have been seen as undesirable.  Plaintiff provided the court with no information as to factor (11), the nature and length of the professional relationship with the client.  Finally, as to factor (12)

9

the court finds this award to be similar to that awarded in similar cases.  Considering all twelve of the *Johnson* factors, the court concludes that lodestar of $8,070.00 is a fair and reasonable attorneys' fee under the facts of this case.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is granted in part and denied in part.  Plaintiff is entitled to recover $8,700.00 in attorney's fees.

So **ORDERED** and **SIGNED** this **10** day of **April, 2013.**

_____
Ron Clark, United States District Judge