\*\* NOT PRINTED FOR PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, et al., | § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION No. 9-11-CV-170 |
| v. | § § | JUDGE RON CLARK |
| HECKMANN WATER RESOURCES (CVR), INC. et al., | § § § | |
| *Defendants*. | § | |

## ORDER GRANTING PLAINTIFF SMITH'S MOTION FOR ATTORNEY'S FEES

Before the court is Plaintiff Brad Smith's Second Motion for Attorney's Fees. [Doc. # 50]. Smith seeks attorney's fees in the amount of $2,750.00, pursuant to the court's July 12, 2013 judgment, which awarded him attorney's fees for work performed on his partial motion for summary judgment to recover unpaid overtime due under the Fair Labor Standards Act (FLSA). [Doc. # 46]. Defendants submit that Smith should receive $324.84. [Doc. # 51]. The court finds that $2,750.00 is reasonable in this matter.

Calculation of attorney's fees is a two-step process where first the court multiplies a reasonable number of hours by a reasonable hourly rate, to produce the lodestar amount, and then the court may adjust that number. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). The court's adjustment is based on a twelve-factor test.[1] While the court must consider each fact, it need not act upon any factor. *See id.* at 330.

---

[1] "The factors include: 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time

Plaintiff Smith's attorney, Charles Dendy, seeks payment of $200.00 an hour for 13.75 hours worked. [Doc. # 50].  Defendants, argue that the evidence was not specific and that the time spent was unreasonable.  They contend that 6.875 hours would be reasonable. [Doc. # 51]. Plaintiff Smith's detailed breakdown of the hours spent is sufficient to support 13.75 hours' worth of work.

Defendants argue that $189.00 per hour is the reasonable rate for an attorney of the same skill in the same or similar community.  [Doc. # 51]. But their evidence is that $189.00 per hour is the median rate.   This means that half the attorneys in the area of that skill level charge more, and half charge less.  $11.00 more per hour does not indicate that Mr. Dendy's rate is unreasonable.  In a previous order on attorney's fees in this case, the court allowed Mr. Dendy $200.00 an hour.  [Doc. # 40].  The court sees no reason to deviate from its previous determination and the lodestar is, therefore, $2, 7500.00.

Defendants raise the issue of the limited success of the Plaintiff.  The court must consider this factor, but this not a case where only nominal damages of a dollar were recovered.  *See Farrar v. Hobby*, 506 U.S. 103, 113 S Ct. 566 (1992).  Defendants brag that the recovery was only 109% of the amount they thought they owed.  But Defendants did not pay those owed wages, and did not make an offer of judgment early in the case.    In essence Defendants are arguing that because they pay low wages, their violation of the FLSA only resulted in a loss of hundreds of dollars to this employee; therefore his attorney should be precluded from receiving a relatively modest fee of $2,700.  That would nullify a principal goal of the statute.

---

constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases. *Kellstrom*, 50 F.3d at 329 n. 19 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

As to the *Johnson* factors, the time and labor required and the skill required of Mr. Dendy are adequately reflected in the lodestar amount. The issues were not novel, and there is no evidence that other work was refused. The fee was contingent, which put Mr. Dendy at some risk but not enough to justify an enhancement. The case was not particularly undesirable, and there is no evidence of a special attorney client relationship or time constraints. The award is not out of line with other fee awards for employment cases in this court. Considering all of the *Johnson* factors, the lodestar amount is appropriate in this case and need not be adjusted.

IT IS THEREFORE ORDERED that Smith is entitled to attorney's fees of $2,750.00 and that Plaintiff Brad Smith's Second Motion for Attorney's Fees [Doc. # 50] is GRANTED.

So **ORDERED** and **SIGNED** this **26** day of **November, 2013.**

_____
Ron Clark, United States District Judge